# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 9549 | **DATE** | 7/16/2013 |
| **CASE TITLE** | *HSBC Bank USA, N.A. v. Victor Leon, et al.* | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Plaintiff's motion for default [10-1] is denied. Defendants' Motion to Accept Answer and 114(a) Motion to Deny Judgment [22-1] is granted in part and denied in part as described below.

Parties to appear for a status to set a discovery schedule or briefing on dispositive motions on July 26, 2013 at 9:30 a.m.

■[ For further details see text below.]    Docketing to mail notices.

# STATEMENT

Plaintiff HSBC Bank USA, N.A., as trustee for the registered holders of First NLC Trust 2007-1 Mortgage-Backed Certificates, Series 2007-1, moves for default judgment in this foreclosure action against Victor Leon and Monica Sanchez. For the reasons stated below, the motion is denied. Moreover, Defendants' Motion to Accept Answer and 114(a) Motion to Deny Judgment [22-1] is granted in part and denied in part as described below.

Plaintiff initiated these foreclosure proceedings on November 30, 2012 and Defendants were served on December 18, 2012. (Dkt. ## 5, 6.) Although their answers were due January 8, 2013, Defendants did not answer or otherwise plead as of that date. On April 30, 2013, Plaintiff moved for default judgment. Counsel for Defendants appeared in Court on May 16, 2013 and indicated that the firm had recently been retained and asked for time to file an answer, which the Court allowed. On May 28, 2013, Defendants filed a "Motion to Accept Answer and 114(a) Motion to Deny Judgment," stating that while they filed on answer on May 23, 2013, due to a "technical error," it was not properly uploaded and they had taken steps to correct the error. Accordingly, Defendants' motion to accept their answer late [22-1] is granted and the motion for default judgment [10-1] is denied.

Defendants' motion to deny judgment pursuant to Illinois Supreme Court Rule ("Rule") 114(a) is denied. Rule 114(a) states:

> (a) Loss Mitigation. For all actions filed under the Illinois Mortgage Foreclosure Law, and where a mortgagor has appeared or filed an answer or other responsive pleading, Plaintiff must, prior to moving for a judgment of foreclosure, comply with the requirements of any loss mitigation program which applies to the subject mortgage loan.

| STATEMENT |
|---|

As noted recently by another court in this district, "[Rule] 114 is a procedural rule because it concerns the 'accuracy and economy' in litigation." *Wilmington Trust Nat'l Assoc. v. Espinoza*, 12 C 7673, Dkt. # 38 (N.D. Ill. May 23, 2013). Accordingly, under the *Erie* doctrine, the Rule is inapplicable in federal court. *See Gacek v. Am. Airlines, Inc.*, 614 F.3d 298, 301-02 (7th Cir. 2010) ("Under the *Erie* doctrine, federal courts in diversity cases (and any other cases in which state law supplies the rule of decision) apply state 'substantive' law but federal 'procedural' law.").

For the reasons stated above, Defendants' Motion to Accept Answer and 114(a) Motion to Deny Judgment [22-1] is granted in part and denied in part. The motion to accept the answer is granted while the motion to deny judgment under Rule 114 is denied. Plaintiff's motion for default judgment [10-1] is denied. Parties are directed to appear for a status on July 26, 2013 at 9:30 a.m.