# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| HSBC Bank USA, N.A., as Trustee for the registered holders of First NLC Trust 2007-1 Mortgage-Backed Certificates, Series 2007-1, <br><br> Plaintiff, <br><br> v. <br><br> Victor Leon and Monica Sanchez, <br><br> Defendants. | No. 12 C 9549 <br><br> Judge Sara L. Ellis |

## OPINION AND ORDER

Plaintiff HSBC Bank USA, N.A. ("HSBC"), as Trustee for the registered holders of First NLC Trust 2007-1 Mortgage-Backed Certificates, Series 2007-1, brings this mortgage foreclosure action against Defendants Victor Leon and Monica Sanchez who have not made their required monthly mortgage payments since July 2012. HSBC filed motions for summary judgment and to appoint a special commissioner. Because the Court finds no genuine dispute as to any material fact and that HSBC is not required to comply with Illinois Supreme Court Rule 114(a), the Court grants HSBC's motion for summary judgment [30] and motion to appoint a special commissioner [33].

## BACKGROUND[1]

On or about June 8, 2007, First NLC Finance Services, LLC ("FNFS"), HSBC's predecessor in interest, lent Mr. Leon and Ms. Sanchez $204,000.00. In exchange, Mr. Leon and Ms. Sanchez executed a note (the "Note") in which they agreed to make monthly payments of principal, interest, taxes, insurance and other escrow items to FNFS on the first day of each month. The Note was secured by a mortgage on the following property: "LOT 1 AND THE EAST 1/2 OF LOT 2 IN A.H. WALTER'S ADDITION TO ELGIN, IN THE CITY OF ELGIN, KANE COUNTY, ILLINOIS," more commonly known as 690 Jefferson Ave., Elgin, IL 60120 (the "Mortgage"). Doc. 31-3 at 13. Mr. Leon and Ms. Sanchez both signed the Mortgage. The Note was transferred and the Mortgage was assigned to HSBC prior to the filing of this suit. Mr. Leon made monthly payments on the Note until July 2012. As of January 23, 2013, an outstanding balance of $173,427.91 remained, with interest accruing on the unpaid principal at a rate of $19.48 per day. HSBC has incurred $2,125.00 in attorneys' fees and litigation and foreclosure costs as a result of the default.

## LEGAL STANDARD

Summary judgment obviates the need for a trial where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. To determine whether a genuine issue of fact exists, the Court must pierce the pleadings and assess the proof as presented in depositions, answers to interrogatories, admissions, and

---

[1] The facts in this section are taken from HSBC's statement of undisputed material facts. Doc. 31. Defendants have not filed a statement admitting or disputing any of these facts, as required by Local Rule 56(b)(3), and each fact is supported by documents filed in conjunction with HSBC's motion for summary judgment. Docs. 31-1–31-5. The Court therefore treats these facts as undisputed for the purposes of resolving this motion. L.R. 56.1(b)(3)(C) ("All material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party."); *Setvo v. Frasor*, 662 F.3d 880, 886–87 (7th Cir. 2011) ("[D]istrict judges are entitled to insist on strict compliance with local rules designed to promote the clarity of summary judgment filings.").

affidavits, if any, that are part of the record. Fed. R. Civ. P. 56 & advisory committee's notes. The party seeking summary judgment bears the initial burden of proving that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). In response, the non-moving party cannot rest on mere pleadings alone but must use the evidentiary tools listed above to identify specific material facts that demonstrate a genuine issue for trial. *Id.* at 324; *Insolia v. Philip Morris Inc.*, 216 F.3d 596, 598 (7th Cir. 2000). Although a bare contention that an issue of fact exists is insufficient to create a factual dispute, *Bellaver v. Quanex Corp.*, 200 F.3d 485, 492 (7th Cir. 2000), the Court must construe all facts in a light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

## ANALYSIS

The question of whether HSBC may foreclose on the Mortgage is a matter of contractual interpretation. *Bank of New York Mellon v. Ward*, No. 12 C 8051, 2013 WL 1730584, at *2 (N.D. Ill. Apr. 22, 2013). Determining whether a contract is ambiguous and how to construct an unambiguous contract are both questions of law for the Court. *See Lewitton v. ITA Software, Inc.*, 585 F.3d 377, 379–80 (7th Cir. 2009) (citing *Gallagher v. Lenart*, 874 N.E.2d 43, 50, 226 Ill. 2d 208, 314 Ill. Dec. 133 (2007)). "If the contract's language is unambiguous, it must be given its plain and ordinary meaning." *Harmon v. Gordon*, 712 F.3d 1044, 1050 (7th Cir. 2013) (citing *Thompson v. Gordon*, 948 N.E.2d 39, 47, 241 Ill. 2d 428, 349 Ill. Dec. 936 (2011)).

The operative terms of both the Note and Mortgage are unambiguous. The Note defines "default" as the failure "to pay the full amount of each monthly payment on the date it is due." Doc. 31-2 at 3. The Mortgage states that it secures repayment of the Loan, which is defined as

"the debt evidenced by the Note, plus interest." Doc. 31-3 at 1. The Mortgage further states that if a default by the borrower is not cured, the lender "at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may foreclose this Security Instrument by judicial proceeding." *Id.* at 11. The Mortgage also sets out that in the event of default, the holder of the Mortgage "shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence." *Id*.

It is undisputed that when HSBC instituted these foreclosure proceedings, it held the Note and was the assignee of the Mortgage. Doc. 31-4 at 1. It is also undisputed that Mr. Leon made no monthly payments after July 2012, that a balance of $173,427.91 remained on the Loan as of January 23, 2013, with interest accruing at $19.48 a day, and that HSBC has incurred $2,125.00 in costs and attorneys' fees as a result of the default. Doc. 31-1 at 1–2; Doc. 31-5. HSBC has therefore shown that Defendants have defaulted on the Note and that pursuant to the terms of the Mortgage it is entitled to foreclose on the property to recover the balance on the Note, interest, attorneys' fees, and costs.

Defendants' only argument in response to HSBC's motion for summary judgment is to contend that HSBC has not complied with Illinois Supreme Court Rule 114(a). Rule 114(a) provides that a plaintiff must show that it has complied with any applicable loss mitigation programs before it moves for a judgment of foreclosure. Ill. Sup. Ct. R. 114(a). Defendants argue that HSBC has not complied with Rule 114(a) because a loan modification request they submitted on September 5, 2013 is still pending. As this Court has already held in this case, Rule 114(a) is a procedural rule and therefore does not apply in federal court. Doc. 26 at 2. Other courts in this district agree. *See Deutsche Bank Nat'l Trust, Co. v. Ortiz*, No. 12-CV-

4

3651, 2014 WL 117347 (N.D. Ill. Jan. 13, 2014); *HSBC Bank USA, N.A. v. Aguilar*, No. 12 C 10397, 2013 WL 4451248 (N.D. Ill. Aug. 16, 2013); *Wilmington Trust Nat'l Assoc. v. Espinoza*, No. 12 C 7673, 2013 U.S. Dist. LEXIS 9993, at *13 (N.D. Ill. May 23, 2013). Therefore, the Court rejects Defendants' assertion that HSBC must comply with Rule 114(a) before it can move forward with foreclosure.

The Court further finds that HSBC's attorneys' fees and costs in the amount of $2,125.00 are reasonable. Because the Mortgage sets out that the holder of the Mortgage is entitled to recover reasonable attorneys' fees, and because Defendants do not challenge HSBC's request for fees and costs, the Court grants HSBC's request to recover $2,125.00 in fees and costs.

## CONCLUSION

For the foregoing reasons, the Court grants HSBC's motion for summary judgment [30]. Judgment is entered in favor of Plaintiff HSBC and against Defendants Victor Leon and Monica Sanchez in the amount of $173,427.91 for the unpaid balance on the Note, interest in the amount of $19.48 for each day after January 23, 2013, and attorneys' fees and costs totaling $2,125.00. The Court will enter a separate Judgment of Foreclosure. Finally, the Court grants HSBC's motion to appoint a special commissioner [33] to effectuate the sale of the property, pursuant to 28 U.S.C. § 2001(a). The Court appoints Edward Grossman as special commissioner for the purpose of conducting a public foreclosure sale of the property in accordance with the terms of the Judgment of Foreclosure.

Dated: March 18, 2014

SARA L. ELLIS
United States District Judge